UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
SABRINA SPENCER

                            Plaintiff,           17-CV-05537 (DRH)(SIL)

       v.

COUNTY OF NASSAU, NASSAU POLICE OFFICER       **ANSWER**
JOSEPH CALAMITA, Shied No. 3769, NASSAU
COUNTY POLICE OFFICER MICHAEL THROO,
NASSAU COUNTY POLICE OFFICER MICHAEL
O'BRIEN, NASSAU COUNTY POLICE OFFICER
DAVID HUSING, NASSAU COUNTY POLICE
OFFICER JEFFREY MARSHALL, NASSAU COUNTY
POLICE OFFICER EDWIN NUNCIO, NASSAU
COUNTY POLICE OFFICER MATTHEW PUHALSKI,
NASSAU POLICE OFFICER JOHN KLINDWORTH,
Shield No. 3437, NASSAU POLICE OFFICER MARK
KELLERMAN, Shield No. 0250, NASSAU POLICE
OFFICER CATAL 8093, and JOHN DOES POLICE
OFFICERS 1-4, in their individual capacities,

                            Defendants.
--------------------------------------------------------------------X

       Defendants, County of Nassau, Joseph Calamita, Michael Throo, Michael O'Brien,

David Husing, Jeffrey Marshall, Edwin Nuncio, Matthew Puhalski, John Klindworth, Mark

Kellerman and Christine McDonald (sued incorrectly herein as "Police Officer Catal 8093"), by

their attorney, Jared Kausscher, Acting Nassau County Attorney, by Ralph J. Reissman, Deputy

County Attorney, as and for their Answer to the First Amended Complaint of plaintiff Sabrina

Spencer ("plaintiff") filed October 11, 2017 [DE 8] allege, upon information and belief, as

follows:

## AS AND FOR A RESPONSE TO "JURISDICTION AND VENUE"

       1.    In response to paragraph 1, defendants deny that plaintiff is entitled to any relief

pursuant to the statutes and Constitutional Amendments cited therein.

2.      Paragraph 2 contains what purports to be federal question jurisdiction and, as such, requires no answer by defendants.  Defendants respectfully refer the Court to the statutes cited in paragraph 2 for their true text and legal import.

3.      Paragraph 3 contains what purports to be venue and, as such, requires no answer by defendants.  Defendants respectfully refer the Court to the statutes cited in paragraph 3 for their true text and legal import.

## AS AND FOR A RESPONSE TO "JURY DEMAND"

4.      In response to paragraph 4, defendants demand that this action be tried to the Court, without a jury.

## AS AND FOR A RESPONSE TO "PARTIES"

5.      Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 5.

6.      Admit the allegations set forth in paragraph 6.

7.      Deny the allegations set forth in paragraph 7, except aver that the Nassau County Police Department is an agency of Nassau County.

8.      Deny the allegations set forth in paragraph 8, except aver that defendants Joseph Calamita, Michael Throo, Michael O'Brien, David Husing, Jeffrey Marshall, Edwin Nuncio, Matthew Puhalski, John Klindworth, Mark Kellerman and Christine McDonald (sued incorrectly herein as "Police Officer Catal 8093") are members of the Nassau County Police Department, and that at all times relevant herein, were acting in performance of their duties as members of the Nassau County Police Department in their official capacities.

9.      The allegations set forth in paragraph 9 call for conclusions of law, to which no response is required from defendants.

10.    Deny the allegations set forth in paragraph 10, except aver that defendants Joseph Calamita, Michael Throo, Michael O'Brien, David Husing, Jeffrey Marshall, Edwin Nuncio, Matthew Puhalski, John Klindworth, Mark Kellerman and Christine McDonald (s/h/i as "Police Officer Catal 8093") are members of the Nassau County Police Department, and that at all times relevant herein, were acting in performance of their duties as members of the Nassau County Police Department in their official capacities.

## AS AND FOR A RESPONSE TO "FACTS"

11.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 11.

12.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 12.

13.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 13.

14.    Admit the allegations set forth in paragraph 14.

15.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 15.

16.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 16.

17.    Deny the allegations set forth in paragraph 17.

18.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 18.

19.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 19.

20.     Deny the allegations set forth in paragraph 20.

21.     Deny the allegations set forth in paragraph 21.

22.     Deny the allegations set forth in paragraph 22.

23.     Deny the allegations set forth in paragraph 23.

24.     Deny the allegations set forth in paragraph 24.

25.     Deny the allegations set forth in paragraph 25.

26.     Deny the allegations set forth in paragraph 26.

27.     Deny the allegations set forth in paragraph 27.

28.     Deny the allegations set forth in paragraph 28.

29.     Deny the allegations set forth in paragraph 29.

30.     Deny the allegations set forth in paragraph 30.

31.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 31.

32.     Deny the allegations set forth in paragraph 32.

33.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 33.

34.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 34.

35.     Deny the allegations set forth in paragraph 35.

36.     Deny the allegations set forth in paragraph 36.

37.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 37, and respectfully refer the Court to the documents cited therein for their true text and legal import.

38.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 38.

39.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 39, and respectfully refer the Court to the documents cited therein for their true text and legal import.

40.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 40, respectfully refer the Court to the documents cited therein for their true text and legal import.

41.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 41, respectfully refer the Court to the documents cited therein for their true text and legal import.

42.     Deny the allegations set forth in paragraph 42.

43.     Deny the allegations set forth in paragraph 43.

44.     Deny the allegations set forth in paragraph 44.

45.     Deny the allegations set forth in paragraph 45.

46.     Deny the allegations set forth in paragraph 46.

47.     Deny the allegations set forth in paragraph 47.

48.     Deny the allegations set forth in paragraph 48.

49.     Deny the allegations set forth in paragraph 49.

50.     Deny the allegations set forth in paragraph 50.

51.     Deny the allegations set forth in paragraph 51.

52.     Deny the allegations set forth in paragraph 52.

53.     Deny the allegations set forth in paragraph 53.

54. Deny the allegations set forth in paragraph 54.

55. Deny the allegations set forth in paragraph 55.

56. Deny the allegations set forth in paragraph 56.

57. Deny the allegations set forth in paragraph 57.

58. Deny the allegations set forth in paragraph 58.

59. Deny the allegations set forth in paragraph 59.

60. Deny the allegations set forth in paragraph 60.

61. Deny the allegations set forth in paragraph 61.

62. Deny the allegations set forth in paragraph 62.

63. Deny the allegations set forth in paragraph 63.

64. Deny the allegations set forth in paragraph 64.

## AS AND FOR A REPONSE TO "FIRST CLAIM – 42 U.S.C. § 1983

65. In response to paragraph 65 of the First Amended Complaint, defendants repeat and reallege each and every response to paragraphs 1 through and including 64 of this Answer with the same force and effect as though fully set forth at length herein.

66. Deny the allegations set forth in paragraph 66.

67. Deny the allegations set forth in paragraph 67.

68. Deny the allegations set forth in paragraph 68.

## AS AND FOR A RESPONSE TO "SECOND CLAIM – EXCESSIVE FORCE"

69. In response to paragraph 69 of the First Amended Complaint, defendants repeat and reallege each and every response to paragraphs 1 through and including 68 of this Answer with the same force and effect as though fully set forth at length herein.

70. Deny the allegations set forth in paragraph 70.

71.     Deny the allegations set forth in paragraph 71.

72.     Deny the allegations set forth in paragraph 72.

## AS AND FOR A RESPONSE TO "THIRD CLAIM – UNLAWFUL SEARCH AND UNREASONABLE MANNER OF SEARCH"

73.     In response to paragraph 73 of the First Amended Complaint, defendants repeat and reallege each and every response to paragraphs 1 through and including 72 of this Answer with the same force and effect as though fully set forth at length herein.

74.     Deny the allegations set forth in paragraph 74.

75.     Deny the allegations set forth in paragraph 75.

76.     Deny the allegations set forth in paragraph 76.

## AS AND FOR A RESPONSE TO "FOURTH CLAIM – FAILURE TO INTERVENE"

77.     In response to paragraph 77 of the First Amended Complaint, defendants repeat and reallege each and every response to paragraphs 1 through and including 76 of this Answer with the same force and effect as though fully set forth at length herein.

78.     Deny the allegations set forth in paragraph 78.

79.     Deny the allegations set forth in paragraph 79.

80.     Deny the allegations set forth in paragraph 80.

81.     Deny the allegations set forth in paragraph 81.

## AS AND FOR A RESPONSE TO "FIFTH CLAIM – MONELL"

82.     In response to paragraph 82 of the First Amended Complaint, defendants repeat and reallege each and every response to paragraphs 1 through and including 81 of this Answer with the same force and effect as though fully set forth at length herein.

83.     Deny the allegations set forth in paragraph 83.

84.     Deny the allegations set forth in paragraph 84.

85. Deny the allegations set forth in paragraph 85.

86. Deny the allegations set forth in paragraph 86.

87. Deny the allegations set forth in paragraph 87.

88. Deny the allegations set forth in paragraph 88.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

89. The Complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

90. Plaintiff's constitutional rights have not been violated by defendants.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

91. Plaintiff's statutory rights have not been violated by defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

92. At all applicable times herein, and at all times mentioned in the First Amended Complaint, defendant County of Nassau, its agencies, departments, officers, agents, servants and/or employees, including the Nassau County Police Department and its officers, agents, servants and/or employees, enjoyed, and continue to enjoy, a full, partial or qualified immunity from civil suit.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

93. At all applicable times herein, and at all times mentioned in the First Amended Complaint, defendants County of Nassau, Joseph Calamita, Michael Throo, Michael O'Brien, David Husing, Jeffrey Marshall, Edwin Nuncio, Matthew Puhalski, John Klindworth, Mark Kellerman and Christine McDonald (sued incorrectly herein as "Police Officer Catal 8093") enjoyed, and continue to enjoy, a full, partial or qualified immunity from civil suit.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

94.  At all applicable times herein, and at all times mentioned in the Complaint, defendants Joseph Calamita, Michael Throo, Michael O'Brien, David Husing, Jeffrey Marshall, Edwin Nuncio, Matthew Puhalski, John Klindworth, Mark Kellerman and Christine McDonald (sued incorrectly herein as "Police Officer Catal 8093") acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

95.  At all applicable times herein, and at all times mentioned in the First Amended Complaint, the duties and functions of the County of Nassau's officials entailed the exercise of proper and lawful discretion.  Therefore, the County of Nassau enjoys governmental immunity from liability.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

96.  At all applicable times herein, and at all times mentioned in the First Amended Complaint,  the County of Nassau, the Nassau County Police Department, and their officers, agents, servants and/or employees having anything to do with plaintiff, including defendants Joseph Calamita, Michael Throo, Michael O'Brien, David Husing, Jeffrey Marshall, Edwin Nuncio, Matthew Puhalski, John Klindworth, Mark Kellerman and Christine McDonald (sued incorrectly herein as "Police Officer Catal 8093") were acting in the performance of their respective duties as officers, agents, servants and/or employees of the County of Nassau and the Nassau County Police Department, and as officers, agents, servants and/or employees of the State of New York; that all of the acts of each officer, agent, servant and/or employee of the County of Nassau and the Nassau County Police Department in connection with the plaintiff were performed in good faith, without malice, and with reasonable and proper care in the

ordinary course of their duties as officers, agents, servants and/or employees of the County of Nassau, the Nassau County Police Department and the State of New York.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

97. At all applicable times herein, and at all times mentioned in the First Amended Complaint, the actions of defendants County of Nassau, Joseph Calamita, Michael Throo, Michael O'Brien, David Husing, Jeffrey Marshall, Edwin Nuncio, Matthew Puhalski, John Klindworth, Mark Kellerman and Christine McDonald (sued incorrectly herein as "Police Officer Catal 8093") were in full accord with all applicable laws and statutes.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

98. Under the case of *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978) and its progeny, the alleged acts or omissions of the individual defendants named in the First Amended Complaint, and/or any officers, agents, servants and/or employees of defendant County of Nassau, do not create vicarious liability against defendant County of Nassau pursuant to the doctrine of *respondeat superior* and, consequently, defendant County of Nassau cannot be liable for any acts or conduct of any individual defendant herein, and/or the acts or conduct of any agent, servant or employee of defendant County of Nassau with respect to any and all claims brought pursuant to 42 U.S.C. § 1983, as a matter of law.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

99. Punitive damages may not be recovered against defendant County of Nassau, its agencies and departments as a matter of law.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

100. Plaintiff has failed to mitigate her damages in this action.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

101. Plaintiff failed to comply with the requirements of New York General Municipal Law Section 50-e.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

102. Plaintiff failed to comply with the requirements of New York General Municipal Law Section 50-h.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

103. Plaintiff failed to comply with the requirements of New York General Municipal Law Section 50-i.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

104. Plaintiff failed to comply with the requirements of New York County Law Section 52.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

105. The arrest of plaintiff was supported by probable cause.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

106. The prosecution of plaintiff was supported by probable cause.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

107. The prosecution of plaintiff was not terminated in her favor.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

108. If plaintiff sustained damages as alleged in the First Amended Complaint, such damages were sustained through and by virtue of the negligent and/or wrongful conduct of parties other than defendants County of Nassau, Joseph Calamita, Michael Throo, Michael O'Brien, David Husing, Jeffrey Marshall, Edwin Nuncio, Matthew Puhalski, John Klindworth,

Mark Kellerman and Christine McDonald (sued incorrectly herein as "Police Officer Catal 8093") over whom said defendants exercised no control, without any negligent or wrongful conduct on the part of said defendants, their officials, agents, servants or employees contributing thereto.

**WHEREFORE,** defendants County of Nassau, Joseph Calamita, Michael Throo, Michael O'Brien, David Husing, Jeffrey Marshall, Edwin Nuncio, Matthew Puhalski, John Klindworth, Mark Kellerman and Christine McDonald (sued incorrectly herein as "Police Officer Catal 8093") demand judgment dismissing the First Amended Complaint in its entirety, together with costs, disbursements and attorney's fees, together with all such other and further relief the Court deems just and proper.

Dated: Mineola, New York
January 26, 2018

**JARED KAUSSCHER**
Acting Nassau County Attorney
Attorney for Defendants

By:  /s/  Ralph J. Reissman
RALPH J. REISSMAN
Deputy County Attorney
One West Street
Mineola, New York 11501
(516) 571-3046

TO: (VIA ECF)
Ryan Michael Lozar, Esq.
The Law Office of Ryan Lozar, P.C.
305 Broadway – 10th Floor
New York, NY 10007
Tel. (310) 867-1562
Fax: (877) 666-4456
Email: ryanlozar@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SABRINA SPENCER

                              **Plaintiff,**                17-CV-05537 (DRH)(SIL)

          **v.**

COUNTY OF NASSAU, NASSAU POLICE OFFICER
JOSEPH CALAMITA, Shied No. 3769, NASSAU
COUNTY POLICE OFFICER MICHAEL THROO,
NASSAU COUNTY POLICE OFFICER MICHAEL
O'BRIEN, NASSAU COUNTY POLICE OFFICER
DAVID HUSING, NASSAU COUNTY POLICE
OFFICER JEFFREY MARSHALL, NASSAU COUNTY
POLICE OFFICER EDWIN NUNCIO, NASSAU
COUNTY POLICE OFFICER MATTHEW PUHALSKI,
NASSAU POLICE OFFICER JOHN KLINDWORTH,
Shield No. 3437, NASSAU POLICE OFFICER MARK
KELLERMAN, Shield No. 0250, NASSAU POLICE
OFFICER CATAL 8093, and JOHN DOES POLICE
OFFICERS 1-4, in their individual capacities,

                             **Defendants.**
------------------------------------------------------------------------X


**JARED KAUSSCHER**
**Acting Nassau County Attorney**
**Attorney for Defendants**
**RALPH J. REISSMAN**
**Deputy County Attorney**
**One West Street**
**Mineola, New York 11501**
**(516) 571-3046**